Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
650 College Road East, Suite 4000
Princeton, NJ 08540
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Takeda Pharmaceutical Company Limited*

OF COUNSEL:
F. Dominic Cerrito
Angus Chen
Andrew Chalson
Elizabeth Murphy
Marta Godecki
Abigail DeMasi
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016

Jihong Lou
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C. 20004

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

TAKEDA PHARMACEUTICAL COMPANY LIMITED,
*Plaintiff*,

v.

QILU PHARMACEUTICAL (HAINAN) CO., LTD.,
*Defendant*.

Civil Action No. ________________

**COMPLAINT FOR PATENT INFRINGEMENT**

(Filed Electronically)

Plaintiff Takeda Pharmaceutical Company Limited ("Plaintiff" or "Takeda"), by its attorneys, for its complaint against Qilu Pharmaceutical (Hainan) Co., Ltd. ("Defendant" or "Qilu") alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for infringement of United States Patent No. 12,661,368 (the "'368 patent") (the "Patent-in-Suit"), owned by Takeda, under the patent laws of the United

States, 35 U.S.C. §100, *et seq.* This action arises from Qilu's submission of Abbreviated New Drug Application ("ANDA") No. 221142 ("Qilu's ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell, and/or sell a generic version of LIVTENCITY® prior to the expiration of the Patent-in-Suit.

**THE PARTIES**

2. Takeda is a corporation organized and existing under the laws of Japan, having an office and place of business at 1-1, Doshomachi 4-chome, Chuo-ku, Osaka, Japan.

3. On information and belief, Qilu is a corporation organized and existing under the laws of China, having a place of business at No. 273-A, Nanhai Avenue, National High-Tech Zone, Haikou, Hainan, 570314, China.

**THE PATENT-IN-SUIT**

4. On June 23, 2026, the United States Patent and Trademark Office duly and lawfully issued the '368 patent, entitled "Maribavir Isomers, Compositions, Methods of Making and Methods of Using." A copy of the '368 patent is attached as Exhibit A.

**THE LIVTENCITY® DRUG PRODUCT**

5. LIVTENCITY® is a cytomegalovirus ("CMV") pUL97 kinase inhibitor indicated for the treatment of adults and pediatric patients (12 years of age and older and weighing at least 35 kg) with post-transplant CMV infection/disease that is refractory to treatment (with or without genotypic resistance) with ganciclovir, valganciclovir, cidofovir, or foscarnet.

6. Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the Patent-in-Suit is listed in the FDA publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") with respect to LIVTENCITY®.

7. The claims of the Patent-in-Suit cover, *inter alia*, methods of using maribavir.

8. The FDA-approved labeling for LIVTENCITY® instructs and encourages physicians, pharmacists, other healthcare workers, and patients to orally administer LIVTENCITY® according to one or more methods claimed in the Patent-in-Suit.

**JURISDICTION AND VENUE**

9. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

10. On information and belief, Qilu is in the business of, among other things, developing, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

11. On information and belief, Qilu prepares and submits ANDAs to the FDA, including Qilu's ANDA. The Orange Book identifies "QILU PHARMACEUTICAL HAINAN CO LTD" as the holder of an ANDA for more than thirty generic prescription products. On information and belief, Qilu is the ANDA holder for generic pharmaceutical products that Qilu sells and/or distributes throughout the United States.

12. On information and belief, Qilu derives substantial revenue, directly or indirectly, from selling generic pharmaceutical products throughout the United States, including in this Judicial District.

13. On information and belief, Qilu will work towards the regulatory approval, manufacturing, use, importation, marketing, offer for sale, sale, and distribution of generic pharmaceutical products, including those described in Qilu's ANDA, throughout the United States, including in New Jersey and in this Judicial District, prior to the expiration of the Patent-in-Suit.

14. On information and belief, Qilu intends to benefit directly if Qilu's ANDA is approved, including by participating in the manufacture, importation, distribution, and/or sale of the generic drug product that is the subject of Qilu's ANDA.

15. On information and belief, this Judicial District is a likely destination for the generic drug product described in Qilu's ANDA.

16. This Court has personal jurisdiction over Qilu because, *inter alia*, it: (1) has purposefully availed itself of the privilege of doing business in the State of New Jersey; and (2) maintains extensive and systematic contacts with the State of New Jersey, including through the marketing, distribution, and/or sale of generic pharmaceutical drugs in New Jersey (*see*, *e.g.*, *supra* ¶¶ 10-12).

17. In the alternative, this Court has personal jurisdiction over Qilu because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met, as (a) Plaintiff's claims arise under federal law; (b) Qilu is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Qilu has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting an ANDA to the FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Qilu satisfies due process.

18. This Court also has personal jurisdiction over Qilu because, *inter alia*, it has committed an act of patent infringement under 35 U.S.C. § 271(e)(2), and on information and belief, Qilu intends a future course of conduct that includes acts of patent infringement in New Jersey. These acts have led and will continue to lead to foreseeable harm and injury to Plaintiff in New Jersey and in this Judicial District.

19. On information and belief, Qilu has previously invoked, stipulated, and/or consented to personal jurisdiction in this Judicial District in numerous prior patent cases.

20. Qilu has previously been sued in this Judicial District, has availed itself of New Jersey courts (including this Court) through the assertion of counterclaims in suits brought in New Jersey (including this Court), and has not challenged personal jurisdiction in New Jersey. *See, e.g.*, *Takeda Pharm. Co. Ltd. v. Qilu Pharm. (Hainan) Co., Ltd.*, No. 26-1633 (D.N.J.) (consolidated); *Impax Labs., LLC v. Qilu Pharm. (Hainan) Co., Ltd., et al.*, No. 25-1962 (D.N.J.); *Astellas Pharma Inc., et al. v. Qilu Pharm. (Hainan) Co., Ltd., et al.*, No. 24-8217 (D.N.J.).

21. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and/or 1400(b).

**ACTS GIVING RISE TO THIS SUIT**

22. Pursuant to Section 505 of the Federal Food, Drug, and Cosmetics Act ("FD&C Act"), Qilu submitted Qilu's ANDA seeking approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of maribavir tablets, 200 mg ("Qilu's ANDA Product") before expiration of the Patent-in-Suit.

23. On information and belief, following FDA approval of Qilu's ANDA, Qilu, unless enjoined by this Court, will make, use, offer for sale, or sell Qilu's ANDA Product throughout the United States, or import such generic product into the United States.

24. On information and belief, in connection with the submission of Qilu's ANDA as described above, Qilu provided written certification to the FDA pursuant to Section 505 of the FD&C Act and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification").

25. By letter dated September 11, 2026, Qilu purported to provide notice pursuant to Section 505(j)(2)(B)(iv) of the FD&C Act and 21 C.F.R. § 314.95 to Takeda ("Qilu's Notice

Letter") that Qilu had submitted Qilu's ANDA to the FDA with a Paragraph IV Certification, seeking approval to commercially manufacture, use, sell, offer for sale, or import Qilu's ANDA Product before expiration of the Patent-in-Suit.

26. Qilu's ANDA Product is intended to be a generic version of LIVTENCITY®.

**COUNT I**
**Infringement of U.S. Patent No. 12,661,368**

27. Plaintiff repeats and realleges the preceding paragraphs above as if fully set forth herein.

28. Qilu's submission of ANDA No. 221142 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Qilu's ANDA Product before the expiration of the '368 patent constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A).

29. There is a justiciable controversy between the parties hereto as to infringement of the '368 patent.

30. Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will infringe one or more claims of the '368 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or for the United States.

31. Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will induce infringement of one or more claims of the '368 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or for the United States. On information and belief, upon FDA approval of Qilu's ANDA, Qilu will intentionally encourage acts of direct infringement with knowledge of the '368 patent and knowledge that its acts are encouraging infringement.

32. Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will contributorily infringe one or more claims of the '368 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or for the United States. On information and belief, Qilu has had and continues to have knowledge that Qilu's ANDA Product is especially adapted for a use that infringes one or more claims of the '368 patent and that there is no substantial non-infringing use for Qilu's ANDA Product.

33. Qilu has had knowledge of the '368 patent since at least the date of Qilu's Paragraph IV Certification.

34. Plaintiff will be substantially and irreparably harmed if Qilu's infringement of the '368 patent is not enjoined. Plaintiff does not have an adequate remedy at law.

35. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A Judgment that Qilu has infringed one or more claims of the Patent-in-Suit by submitting ANDA No. 221142;

B. A Judgment that Qilu's making, using, selling, offering to sell, or importing Qilu's ANDA Product will infringe one or more claims of the Patent-in-Suit;

C. An Order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of FDA approval of ANDA No. 221142 be a date that is no earlier than the later of the expiration of the Patent-in-Suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

D. Preliminary and permanent injunctions restraining and enjoining Qilu and its officers, agents, attorneys, and employees, and those acting in privity and/or concert with it and/or them, from making, using, offering to sell, selling, or importing Qilu's ANDA Product

until after the expiration of the Patent-in-Suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

E. A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Qilu and its officers, agents, attorneys, and employees, and those acting in privity and/or concert with it and/or them, from practicing any of the subject matter claimed in the Patent-in-Suit, or actively inducing or contributing to the infringement of any claim of the Patent-in-Suit, until after the expiration of the Patent-in-Suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

F. A Judgment that the commercial manufacture, use, importation into the United States, offer for sale, and/or sale of Qilu's ANDA Product will directly infringe, induce, and/or contribute to infringement of one or more claims of the Patent-in-Suit;

G. To the extent that Qilu committed any acts with respect to the subject matter claimed in the Patent-in-Suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Plaintiff damages for such acts;

H. If Qilu, its officers, agents, attorneys, and employees, and/or those acting in privity and/or concert with it and/or them, engages in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Qilu's ANDA Product prior to the expiration of the Patent-in-Suit, a Judgment awarding damages to Plaintiff resulting from such infringement, together with interest;

I. A Judgment declaring that the Patent-in-Suit remains valid;

J. A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiff its attorneys' fees, costs, and expenses incurred in this action; and

K. Any such other and further relief as this Court may deem just and proper.

Dated: September 23, 2026

By: s/ Charles M. Lizza

Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
650 College Road East, Suite 4000
Princeton, NJ 08540(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff Takeda Pharmaceutical Company Limited*

OF COUNSEL:

F. Dominic Cerrito
Angus Chen
Andrew Chalson
Elizabeth Murphy
Marta Godecki
Abigail DeMasi
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016

Jihong Lou
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C. 20004

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 & 40.1**

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that the matter captioned *Takeda Pharmaceutical Company Limited v. Sun Pharmaceutical Industries Ltd.*, Civil Action No. 26-11870 (D.N.J.) (ES)(ADS) is related to the matter in controversy because the matter in controversy involves the same plaintiff, the same patent, and because Qilu is seeking FDA approval to market a generic version of the same pharmaceutical product.

I further certify that the matters captioned *Takeda Pharmaceutical Company Limited v. Annora Pharma Private Ltd.*, Civil Action No. 26-9729 (D.N.J.) (ES)(ADS), *Takeda Pharmaceutical Company Limited v. Annora Pharma Private Ltd.*, Civil Action No. 26-1780 (D.N.J.) (ES)(ADS), *Takeda Pharmaceutical Company Limited v. Sun Pharmaceutical Industries Ltd.*, Civil Action No. 26-4939 (D.N.J.) (ES)(ADS), and *Takeda Pharmaceutical Company Limited v. Sun Pharmaceutical Industries Ltd.*, Civil Action No. 26-2051 (D.N.J.) (ES)(ADS) are related to the matter in controversy because the matter in controversy involves the same plaintiff and because Qilu is seeking FDA approval to market a generic version of the same pharmaceutical product.

I further certify that the matter captioned *Takeda Pharmaceutical Company Ltd. v. Qilu Pharmaceutical (Hainan) Co., Ltd.*, Civil Action No. 26-1633 (D.N.J.) (ES)(ADS) (consolidated) is related to the matter in controversy because it involves the same parties and because Qilu is seeking FDA approval to market a generic version of the same pharmaceutical product.

I further certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: September 23, 2026

By: s/ Charles M. Lizza

Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
650 College Road East, Suite 4000
Princeton, NJ 08540
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff Takeda Pharmaceutical Company Limited*

OF COUNSEL:
F. Dominic Cerrito
Angus Chen
Andrew Chalson
Elizabeth Murphy
Marta Godecki
Abigail DeMasi
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016

Jihong Lou
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C. 20004